Citation Nr: 1619678 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 13-19 360 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and bipolar disorder.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Brian Walker, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty from February 1980 to September 1983.

The Veteran's claims come before the Board of Veterans' Appeals (Board) on appeal from a May 2012 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which denied the benefits sought on appeal. The Veteran filed a Notice of Disagreement (NOD) in June 2012. The RO issued a Statement of the Case (SOC) in June 2013. In July 2013, the Veteran filed his Substantive Appeal. Thus, the Veteran perfected a timely appeal of these issues.

The Board notes that the psychiatric claim on appeal has previously been developed to include only PTSD. The United States Court of Appeals for Veterans Claims (Court) has recently held that the scope of a mental health disorder claim includes any mental disorder that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record. Clemons v. Shinseki, 23 Vet. App. 1 (2009). As such, the claim on appeal has been recharacterized as an acquired psychiatric disorder, to include the Veteran's current psychiatric diagnoses.

In January 2016, the Veteran was afforded his requested Board hearing before the undersigned Veterans Law Judge (VLJ) at the local RO (Travel Board hearing). A copy of the hearing transcript has been associated with the claims file. 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

FINDINGS OF FACT

1. The Veteran has current diagnoses of PTSD and bipolar disorder, whose symptoms cannot be differentiated.

2. The Veteran's claimed stressors relate to his fear of hostile military or terrorist activity.

3. The Veteran's claimed stressors are consistent with the places, types, and circumstances of his military service.

4. The Veteran's PTSD and bipolar disorder are related to the claimed in-service stressors.

5. The evidence is at least in relative equipoise as to whether the Veteran has experienced continuity of symptomatology related to his tinnitus during and since his active military service.


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, service connection for an acquired psychiatric disorder, to include PTSD and bipolar disorder, is established. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304(f) (2015).

2. Resolving reasonable doubt in the Veteran's favor, service connection for tinnitus is established. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In light of the fully favorable determinations in this case, no further discussion of compliance with VA's duty to notify and assist is necessary. 

A. General Regulations and Statutes

Under applicable law, service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. 1131; 38 C.F.R. § 3.303.

Generally, in order to prove service connection, there must be competent, credible evidence of: (1) a current disability; (2) in-service incurrence or aggravation of an injury or disease; and, (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

However, the provisions of 38 C.F.R. § 3.303(b) provide alternate means of establishing service connection. Under that regulation, if a chronic disease, to include an organic disease of the nervous system (such as tinnitus) or psychoses (not including PTSD) listed in 38 C.F.R. § 3.309(a) is shown as such in service (or within the presumptive period under 38 C.F.R. § 3.307) (i.e., there is a reliable diagnosis of the chronic disease in service, or during the presumptive period, not subject to legitimate question) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331, 1335-36 (Fed. Cir. 2013).

The regulation further provides that if evidence of a chronic disease is noted during service (or during the presumptive period), but the condition is not, in fact, shown to be chronic in service, or if the diagnosis of chronicity can be legitimately questioned (i.e., when the fact of chronicity in service in not adequately supported), service connection for chronic disease can nevertheless be established by credible evidence of continuity of symptomatology after discharge. Id. In such a situation, the evidence of continuity of symptomatology establishes the link, or nexus, between the current disease and service, and "serves as the evidentiary tool to confirm the existence of the chronic disease while in service or a presumptive period during which existence in service is presumed." Walker, 708 F.3d at 1336.

B. Acquired Psychiatric Disorder

The Veteran seeks service connection for an acquired psychiatric disorder, to include PTSD and bipolar disorder.

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (2015) (i.e., in accordance with the Diagnostic and Statistical Manual of Mental Disorders (DSM); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

VA has amended its adjudication regulations governing service connection for PTSD by liberalizing, in certain circumstances, the evidentiary standard for establishing a required in-service stressor. See 75 Fed. Reg. 39843 (July 13, 2010) and 75 Fed. Reg. 41092 (July 15, 2010) (correcting the effective and applicability dates from July 12, 2010, to July 13, 2010). The provisions of this amendment apply to applications for service connection for PTSD that: are received by VA on or after July 13, 2010; were received by VA before July 13, 2010, but have not been decided by a VA regional office as of July 13, 2010 (as in the present case); are appealed to the Board on or after July 13, 2010; were appealed to the Board before July 13, 2010, but have not been decided by the Board as of July 13, 2010; or, are pending before VA on or after July 13, 2010, because the United States Court of Appeals for Veterans Claims vacated a Board decision on an application and remanded it for readjudication. Id.

Under the amendments, if a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. Id. For these purposes, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. Id. 

In the present case, the Board finds that the Veteran has current DSM diagnoses of PTSD and bipolar disorder. At the December 2010 QTC VA examination (contracted by VA), the Veteran was diagnosed with PTSD and bipolar disorder by a psychologist with whom VA had contracted. The psychologist stated that he could not separate the symptoms from these Axis I diagnoses.

The Board also finds that the Veteran's claimed stressors are related to his fear of hostile military or terrorist activity. Specifically, at the QTC VA examination in December 2010, the Veteran described three stressors. The Veteran described that he received news in-service of the deaths of two pilots he knew who were burned alive during the rescue of the United States (U.S.) hostages in Iran. The Veteran also claimed that his psychiatric disorder was due to sniper attack while he was working on supple planes in Aguacate, Honduras, and in Kampala, El Salvador. The Veteran reiterated similar statements at his January 2016 Board hearing. In a statement dated in July 2010, the Veteran stated that he was assigned to a Special Operations mission unit in service, which involved repairing aircraft planes in Central America, to include Honduras and El Salvador.

The Board finds, further, that the Veteran's claimed stressors are consistent with the places, types, and circumstances of his service. Specifically, the Veteran's DD-214 Form confirms that the Veteran's Military Occupational Specialty (MOS) was pneudraulics systems specialist. His personnel records document that he was responsible for aircraft mechanics during his active military service. In a personnel record dated in July 1983, the Veteran's supervisor stated that the Veteran was able to adapt "easily to the unusual conditions associated with the 1st Special Operations Wing's mission." As an example, the personnel record stated that the Veteran was deployed recently to Panama to repair an aircraft. The Veteran's personnel records also document that his missions were classified. In a July 2010 response, the National Personnel Records Center (NPRC) stated that the standard source document (typically including unit of assignment, dates of assignment, participation in combat operations, and official travel outside the U.S.) was not available. As support for his military service in El Salvador, the Veteran submitted a March 1983 letter his sister sent him when was in the military service. The letter described the Veteran's sister's worries about the recent crime in El Salvador. The Veteran also submitted a June 1984 Web article that describes special commando units that were recently discovered. During his active military service, the Veteran's service treatment records (STRs) document that he was referred for a mental health evaluation in October 1982. Additionally, on his August 1983 exit Report of Medical History form, the Veteran checked the boxes to report current depression, excessive worrying, and nervous trouble. Accordingly, and as there is no clear and convincing evidence to the contrary, the Board accepts the Veteran's lay testimony as sufficient to establish the occurrence of the claimed in-service stressors.

Finally, the evidence establishes a link between the current symptoms and the claimed in-service stressors. Specifically, at the December 2010 QTC VA examination, a psychologist with whom VA had contracted, confirmed that the Veteran's claimed stressors were adequate to support the diagnoses of PTSD and bipolar disorder, and that the Veteran's symptoms are related to the claimed stressors. Following a review of the Veteran's claims file and a physical examination of the Veteran, the psychologist determined that the claimed stressors were related to the Veteran's fear of hostile military or terrorist activity. There are no contrary medical opinions of record.
Because the requirements of 38 C.F.R. § 3.304(f) have been met, service connection for PTSD is warranted. 38 C.F.R. § 3.102.

C. Tinnitus

The Veteran seeks service connection for tinnitus.

In the present case, the Board finds that the Veteran currently has tinnitus. At the September 2010 VA audio examination, the VA examiner noted the Veteran's current complaints of tinnitus. At his January 2016 Board hearing, the Veteran also testified that he currently experiences tinnitus. Tinnitus is expressly recognized as a chronic disease under 38 C.F.R. § 3.309(a).

Tinnitus was not explicitly diagnosed during service or within the applicable presumptive period. See 38 C.F.R. § 3.307(a)(3). Nevertheless, the record contains credible evidence of continuity of symptomatology related tinnitus since the Veteran's discharge from the active military service in September 1983. Specifically, at the Board hearing, the Veteran testified that he began experiencing ringing in his ears during the last year of his active military service. The Veteran stated that the ringing in his ears had continued since his military discharge. 

The Veteran's lay statements are supported by the evidence of record. Specifically, the Veteran's DD-214 Form confirms that his MOS was pneudraulics systems specialist. His personnel records document that he was responsible for aircraft mechanics during his active military service. In a post-service November 1990 VA examination, the Veteran reported the use of hearing protection at his civilian occupation since 1985. At his September 2010 VA examination, the Veteran stated that hearing protection was not worn during his active military service. The Veteran is presumed to have been exposed to excessive noise during his active military service. The Veteran's STRs also support the Veteran's lay statements of ringing in his ears during service. At his August 1983 military exit examination, high frequency hearing loss was documented. At his August 1983 exit Report of Medical History, the Veteran checked the box to indicate he was currently experiencing ear, nose, or throat (ENT) trouble.
Given the totality of the evidence here, the Board finds that chronic in-service symptoms and continuous post-service symptoms relating to the Veteran's tinnitus have been established. Given this finding, it is not necessary to determine whether a nexus exists between the Veteran's current symptoms and his symptoms in service. Nevertheless, the Board notes that there is a negative nexus medical opinion regarding the etiology of the Veteran's tinnitus from the September 2010 VA examiner. However, the VA examiner did not address the evidence in the STRs or the Veteran's presumed in-service noise exposure. The VA examiner's sole rationale for his medical opinion was that the cited evidence did not show findings related to tinnitus, which is contradictory to the Veteran's statements of current tinnitus symptoms at the examination. The Board finds this VA medical opinion to be inadequate. 

In light of the foregoing, the Board is satisfied that the criteria for entitlement to service connection for tinnitus, pursuant to the continuity of symptomatology provisions of 38 C.F.R. § 3.303(b), have been met. The evidence, at a minimum, gives rise to a reasonable doubt on the matter. 38 U.S.C.A. 5107(b); 38 C.F.R. 
§ 3.102.


ORDER

The claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD and bipolar disorder, is granted.

The claim of entitlement to service connection for tinnitus is granted.



____________________________________________
DEBORAH W. SINGLETON 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs